Filed 2/14/23 P. v. Williams CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ELLIS CHARLES WILLIAMS,<br><br>    Defendant and Appellant. | G061618<br><br>(Super. Ct. No. 02CF2397)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*   \*   \*

There is very little we can say about this appeal. Appellant was convicted in 2007 of four counts of attempted murder and one count each of shooting from a motor vehicle and shooting at an inhabited dwelling. This all grew out of a classic revenge drive-by. Allegations he had suffered other felony convictions were found to be true. The trial court stayed some punishments and constructed a 32 years-to-life term of imprisonment.

In 2022, appellant filed this action, seeking relief pursuant to newly enacted Penal Code section 1170.95.[1] Section 1170.95 is the procedural mechanism for implementing legislative changes in California law which narrow the scope of vicarious liability for murder in two ways. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

To obtain relief under the new section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense. (§ 1170.95, subd. (a).)

---

[1] That statute has since been renumbered as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) Because that change was nonsubstantive and it occurred after briefing in this case was complete, we will cite to Penal Code section 1170.95 for ease of reference. All further statutory references are to the Penal Code.

The trial court heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him. Counsel reviewed the record in the case and concluded there was no issue he could argue that had a reasonable chance of success. He did not argue against his client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant was given the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

It should be emphasized that a *Wende* review is not for arguments that would necessarily be successful, but merely arguments that could be made, arguments whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of the case was aimed at merely finding something an attorney could ethically argue in favor of reversal. We have made such a review and found nothing.

Appellant simply does not come within the rubrics of the statute he is seeking to apply to his case. There was no application of the felony murder rule or the natural and probable consequences doctrine in his case. The jury found he had personally used a firearm in his crimes. And there is no chance under the facts of his case that he would not be convicted of the same crimes today.

What's more, appellant has already had one appeal. We affirmed his conviction in 2009. This is not his "first appeal of right." Under the recently decided California Supreme Court case of *People v. Delgadillo* (2022) 14 Cal.5th 216, appellant

3

is not entitled to appointed counsel to raise this issue; *Wende* review is not an entitlement for him.

For both these reasons, the judgment is affirmed.



BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.